Jian Wei ZHANG, Petitioner,

v.

**Michael B. MUKASEY,* Attorney General, Respondent.**

**No. 05–77048.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.**

Filed Dec. 5, 2007.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

HI–District Counsel, Office of the District Counsel, Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Clare E. Connors, Esq., San Francisco, CA, USH–Office of the U.S. Attorney, Honolulu, HI, for Respondent.

Before; O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM ***

Jian Wei Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' decision, adopting

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and affirming an Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal. The parties are familiar with the facts of this case, and we need not repeat them here.

The IJ found that Zhang was not credible based on inconsistencies between his testimony at the merits hearing, his asylum application, and his statements at an airport interview. Because Zhang failed to mention at the airport interview any of the facts central to his subsequent asylum claim, substantial evidence supports the IJ's adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 965 (9th Cir.2004).

Moreover, the IJ did not err in relying on Zhang's statements in his airport interview in rendering the adverse credibility determination. The interview went into great depth as to the events that led Zhang to seek entry into the United States, as well as his reasons for fearing a return to China. Zhang was also provided a Mandarin interpreter who translated the officer's questions and assisted Zhang in reviewing his answers line-by-line. *See id.* at 962–63 (citing *Singh v. INS*, 292 F.3d 1017 (9th Cir.2002)). The officer notified Zhang that he must tell the truth during the interview, and Zhang took an oath to do so prior to making his statements.

By failing to qualify for asylum, Zhang necessarily fails to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**